S13Y1548. IN THE MATTER OF RONALD JAMES KURPIERS II.
(749 SE2d 738)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that Ronald James Kurpiers II (State Bar No. 430474) be suspended for 91 days as reciprocal discipline for a suspension imposed in Florida. The Review Panel also recommends that the suspension continue until such time as Kurpiers provides proof that he has been reinstated in Florida.

The State Bar filed a notice of reciprocal discipline attaching a copy of the May 22, 2012 decision from the Supreme Court of Florida imposing a 91-day suspension. See Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Kurpiers acknowledged service of the notice of discipline, but did not file a response. The notice of reciprocal discipline includes Kurpiers's "conditional guilty plea for consent judgment" and the report of the hearing referee, which accepted a consent judgment between the Florida Bar and Kurpiers and which based its recommendation on similar Florida cases and the "substantial mitigation stipulated."

The Florida hearing referee found, based on the stipulated facts, that, in an effort to obtain indigency status for a client in the appeal of a criminal matter, Kurpiers notarized and filed an affidavit purporting to have been signed by the client, but which he knew had not been signed by the client. Kurpiers also advised the court that he was representing the client pro bono despite having charged and accepted a substantial fee from the client. The hearing referee also accepted as stipulated mitigating evidence (1) that Kurpiers lacked a prior disciplinary history; (2) that Kurpiers lacked a dishonest or selfish motive; (3) that Kurpiers was prepared to offer several character

witnesses who would testify as to his skills, integrity, commitment to clients, and professionalism; and (4) that Kurpiers was prepared to offer the testimony of his psychiatrist who would opine that the misconduct was caused by side effects from the abrupt termination of anti-depressant medication, against medical advice.

The Review Panel found that none of the elements of Rule 9.4 (b) (3) were present that would justify a recommendation of discipline other than that imposed in Florida.

We have reviewed the record and agree that a 91-day suspension is the appropriate sanction. Accordingly, we hereby order that Ronald James Kurpiers II be suspended for 91 days, effective as of the date of this opinion. At the conclusion of the suspension imposed in this matter, Kurpiers may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Florida. If the State Bar agrees that this condition has been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Kurpiers is reminded of his duties under Bar Rule 4-219 (c).

*Ninety-one day suspension. All the Justices concur.*